IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAGNETAR GLOBAL EVENT DRIVEN MASTER FUND, LTD *a Cayman Islands Limited Company*, *et al.*, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | )  Case No. 14-2279-RDR ) |
| CEC ENTERTAINMENT, INC. *a Kansas corporation*, | ) ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Respondent CEC Entertainment, Inc.'s Motion to Compel the Production of Documents to Respondent's First Request for Production of Documents Directed to Petitioners (ECF No. 41). Petitioners Magnetar Global Event Driven Master Fund, Ltd., Spectrum Opportunities Master Fund, Ltd., Magnetar Capital Master Fund, and Ltd., Blackwell Partners LLC. (collectively "petitioners") bring this stock appraisal action under K.S.A. 17-6712 to obtain a judicial determination of the fair value of their shares of CEC following the merger between CEC and an affiliate of Apollo Global Management LLC. For the reasons stated below, respondent's motion to compel is granted in part and denied without prejudice in part.

   I.   **Petitioners' Withdrawal of Certain Objections**

Respondent originally moved for an order compelling petitioners to respond to certain document production requests falling into three categories: (1) petitioners' views and analyses concerning the valuation of CEC, the merger, and the merger consideration; (2) petitioners' investment strategy relating to CEC and this action, as well as their actual transactions in CEC

stock; and (3) petitioners' strategies relating to appraisal litigation and past appraisal filings. Although this action is brought under a Kansas statute, both sides acknowledge that Kansas courts often look to Delaware case law on appraisal and corporate law issues because the Kansas Corporation Code is modeled after the Delaware Code.[1] After respondent filed its motion to compel, the Delaware Court of Chancery issued an opinion setting forth a broad scope of discovery in Delaware appraisal actions.[2] Based on this opinion, petitioners have agreed to produce many of the documents at issue in the motion to compel.

Petitioners have also sought leave to file a surreply, which sets out the issues that remain in dispute. Those include: (1) whether petitioners must produce all documents regarding investment strategies relating to appraisal rights and appraisal litigation in other cases beyond the case at bar, including documents from custodians who may only have had a role in those other cases; and (2) whether petitioners must produce documents regarding appraisal litigation in cases other than this one.[3] It also appears the parties still dispute whether petitioners have lodged improper general objections to discovery and made improper conditional responses to the discovery requests. Because petitioners describe these issues as the only ones remaining in dispute, the court grants as unopposed respondent's motion to compel as to the other categories of information set forth in the motion. If petitioners have not already done so, they shall produce all non-privileged responsive documents within fourteen (14) calendar days from the date of the order.

---

[1] *See* Resp't CEC Entertainment, Inc.'s Mot. to Compel the Produc. of Docs. in Resp. to Resp't's First Req. for Produc. of Docs. Directed to Pet'rs, at 12 n.7 (ECF No. 42); Pet'rs Mem. in Opp'n to Resp't's Mot. to Compel at 4 n.1 (ECF No. 46).

[2] *See In re Appraisal of Dole Food Co., Inc.*, No. 9079–VCL, 2014 WL 6906134 (Del. Ch. Dec. 9, 2014).

[3] *See* Pet'rs Mot. for Leave to File Surreply and Proposed Surreply, at 1-2, ECF No. 65.

## II.     Petitioners' General Objections and Conditional Responses

The court also overrules some of petitioners' general objections and all of petitioners' conditional responses contained in Petitioners' Objections and Responses to Respondent's First Set of Discovery Requests (ECF No. 42-4).  This district "has on several occasions disapproved of the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery."[4] These types of "objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery."[5]

Petitioners' General Objections Nos. 1, 2, and 12-14 are sufficiently specific to enable respondent to know how the objections apply to the requests, definitions, and instructions. Petitioners' General Objections Nos. 3-11 are not. These general objections contain language objecting to requests, definitions, and instructions "to the extent they seek" certain information. They are insufficient to put respondent on notice about which specific requests for production or what language contained in the definitions and instructions is objectionable. The court has previously ruled that these types of objections are worthless,[6] and petitioners should have withdrawn these objections before respondent filed its motion to compel given the clear lack of support for these types of objections in the District of Kansas. For these reasons, the court overrules  Petitioners' General Objections Nos. 3-11. If petitioners have withheld any documents based on these general objections, they shall produce those documents to respondent within fourteen (14) calendar days from the date of this order.

---

[4] *Gassaway v. Jarden Corp.*, 292 F.R.D. 676, 680 (D. Kan. 2013) (citing cases).

[5] *Id.*

[6] *Id.*; *see also Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, No. 13-2150-CM-KGG, 2014 WL 2815515, at *3 (D. Kan. June 23, 2014) (accord).

The court is equally disapproving of conditional responses, which occur when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections."[7] The problem with conditional responses is that the requesting party "is left guessing as to whether [the producing party] has produced all documents, or only produced some documents and withheld others[.]"[8] As observed by Chief Judge James P. O'Hara in *Sprint Communications v. Comcast Cable Communications*, the common practice of asserting conditional objections is manifestly confusing and potentially misleading.[9] A party may object to a portion of a request for production, provided the response specifies the portion objected to and responds to the non-objectionable portion.[10] But "[o]bjecting but answering subject to the objection is not one of the allowed choices under the Federal Rules."[11]

Petitioners argue that because their conditional responses specify what documents they will produce, these responses are somehow permissible. This is incorrect. While in some instances, petitioners specify certain information they will produce, their responses largely amount to statements that they will produce responsive, non-privileged documents and will provide a privilege log listing any withheld documents. This response does not make clear whether petitioners are only withholding privileged documents or whether they are withholding other responsive documents based on the other asserted objections. These are the same scenarios addressed in *Sprint Communications Co.*, in which Judge O'Hara found the responding party had

---

[7] *Westlake v. BMO Harris Bank, N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, at *3 (D. Kan. Mar. 17, 2014).

[8] *Pro Fit Mgmt. v. Lady of Am. Franchise Corp.*, No. 08-2662-JAR-DJW, 2011 WL 939226, at *7-*9 (D. Kan. Feb. 25, 2011).

[9] Nos. 11-2684-JWL, 11-2685-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

[10] *Id.* (citing Fed. R. Civ. P. 34(b)(2)).

[11] *Id.* (quoting *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FTM-29SPC, 2011 WL 1627165, at *1 (M.D. Fla. Apr. 29, 2011)).

waived its discovery objections and in *Pro Fit Management v. Lady of America Franchise Corp.*, in which Magistrate Judge David J. Waxse addressed a similar situation involving responses subject to an attorney-client privilege objection in which the responding party had taken the additional step of providing a privilege log. Judge Waxse, recognizing the potential for confusion, ordered the responding party to amend its responses to certain document requests to make clear whether it was withholding any documents on the ground of privilege and to specifically identify those documents by Bates number on the privilege log.

Petitioners' responses along with the promised privilege log should provide respondent with sufficient information to evaluate the privilege objection. The remainder of the objections raised in the conditional responses, however, provide respondent with no information to evaluate whether petitioners have withheld documents subject to those objections. They are impermissible and are deemed waived. This includes Request Nos. 3, 5-7, 11, 12, 14-18, and 20. If petitioners have withheld documents responsive to these requests based on any objection other than attorney-client privilege, they shall produce these documents to respondent within fourteen (14) calendar days from the date of this order. The motion to compel is granted as to these requests.

### III. Remaining Issues in Dispute

The court appreciates that petitioners have reconsidered certain relevance objections in light of a Delaware opinion issued after respondent filed its motion to compel. Although petitioners' response brief mention three specific requests for production by number, their response brief largely focuses on certain categories of information rather than listing the request or requests at issue. Indeed, respondent apparently misunderstood petitioners' position because petitioners felt a need to file a surreply clarifying which issues remain unresolved, to which respondent filed a response stating that it does not object to the surreply. The surreply, however,

does not specify the numbers of the requests for production still in dispute or the numbers of the requests for production to which petitioners no longer object.

Moreover, like respondent, the court is confused by portions petitioners' response brief. For example, petitioners discuss documents relating to petitioners' investment strategy—what the court presumes pertains to Request No. 2. After nearly a page of argument about why the information sought is not relevant, petitioners conclude by stating that in the interest of compromise, they "will produce non-privileged documents sufficient to identify their investment strategy regarding statutory appraisal rights or appraisal litigation."[12] Because petitioners do not identify specific document requests by number, the court is unclear whether this statement means petitioners have agreed to fully respond to the document production request (or requests) that seek this information.

Petitioners go on to discuss documents concerning past appraisal actions—information that pertains to Request No. 6. Petitioners' arguments largely focus on the relevance of the requested material.[13] But as discussed above, with the exception of privilege, the court has deemed all other objections to this request waived. This is why it is exceedingly important for the parties to provide the court with the number of the document production request at issue. If petitioners have waived their objections, as is the case with Request No. 6, there is nothing more for the court to take up, and respondent's motion must be granted as to that particular request. This is equally applicable to the parties' dispute about the appropriate custodians from whom to harvest data. But again, without knowing the specific requests still at issue and the specific

---

[12] Pet'rs Mem. in Opp'n to Resp't's Mot. to Compel at 5 (ECF No. 46).

[13] *Id.* at 10 (arguing that respondent had failed to address why this information is discoverable and that respondent is trying to put petitioners' investment strategy on trial).

objections initially lodged in response to these requests, the court lacks vital information to make an informed ruling.

Rather than attempt to guess which document requests or portions of document requests are still at issue, the court will deny without prejudice the remainder of respondent's motion to compel. The parties are ordered to confer within seven (7) calendar days from the date of this order about the remaining discovery requests still in dispute. Respondent may file a renewed motion to compel within fourteen (14) calendar days from the date of this order. Any motion and accompanying memorandum must specify to which discovery requests respondent seeks to compel responses. Petitioners' response brief must also address its specific objections to specific discovery requests. Failure to do so will result in a finding that petitioners have failed to support their objections, and respondent's motion to compel will be granted. No further briefing shall be allowed.

Accordingly,

**IT IS THEREFORE ORDERED** that CEC Entertainment, Inc.'s Motion to Compel the Production of Documents to Respondent's First Request for Production of Documents Directed to Petitioners (ECF No. 41) is granted in part and denied without prejudice in part.

**IT IS FURTHER ORDERED** that Petitioners' Motion for Leave to File Surreply and Proposed Surreply (ECF No. 65) is granted insofar as the court has considered the surreply.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge